## SECOND DEPARTMENT, JULY, 1931.

YONKERS BUILDERS' SUPPLY COMPANY, Plaintiff, v. PRESIDENT AND TRUSTEES OF THE VILLAGE OF OSSINING, Defendants.

Upon the agreed statement of fact, judgment rendered for the defendants that the claim of plaintiff against defendants for $2,599.10 for extending the sewer be denied. The right to maintain the sewer to the end of the pier impliedly gave defendants the right, so far as plaintiff was concerned, to discharge sewage into the river at that point. The maintenance of the sewer and the discharge of sewage into the river for a period of sixteen years indicate that the parties to the original easement construed the easement to include that right. Plaintiff's interference with this use of the sewer by the extension of its pier, imposed the obligation upon it to pay the expense of the additional piping necessary. Lazansky, P. J., Tompkins and Davis, JJ., concur; Hagarty, J., with whom Carswell, J., concurs, dissents, with a separate opinion.

HAGARTY, J. (dissenting). In the year 1929 plaintiff became the owner of lands under water at Ossining, Westchester county, N. Y., upon which there was constructed a dock or bulkhead extending into the waters of the Hudson river. Plaintiff took title and held this property subject to an easement granted by plaintiff's predecessor in title to the defendants to maintain a trunk sewer upon and along the dock as constructed, terminating at the outer face of said dock or bulkhead, which was also the westerly line or boundary of the easement. Subsequently the plaintiff sought to extend this dock into the channel, but the defendants objected upon the ground that it would interfere with the discharge of the

sewage contents into the Hudson river. Thereupon the parties entered into an agreement whereby the plaintiff conveyed to the defendants an easement continuing the line of the existing easement to the outer face of the bulkhead or dock to be constructed by plaintiff, and plaintiff agreed to construct the extension of said sewer in accordance with plans prepared by the village engineer and under his supervision, the question as to the liability of the defendants to pay the cost thereof to be submitted to this court upon an agreed statement of facts. The grant by plaintiff's predecessor in title, and subject to which the plaintiff now holds the property, consists of " a permanent easement and right of way in, over and upon " the plaintiff's dock, " For the purpose and with the right and privilege to the party of the second part [defendant village] of entering upon the same and thereon constructing and maintaining a sanitary trunk sewer together with all necessary manholes and other structures appertaining and necessary thereto." Plaintiff claims that the conveyance of a permanent easement by its predecessor in title to the defendants only granted a permanent easement in that parcel of the land designated and described by courses and distances, metes and bounds, for the purpose of constructing and maintaining a sanitary trunk sewer and appurtenances necessary thereto, but that such grant in no way limited or prevented the grantors or their successor in title, this plaintiff, from lawfully extending the pier or bulkhead upon its lands under water in which no easement had been granted, and upon the happening of that contingency the defendant was obliged, at its own expense, to obtain a new easement and make the necessary extensions. Defendants claim that their sewer easement could not be interfered with, and, therefore, there was an implied obligation upon the plaintiff, as successor in title to the original grantor, to grant such additional easements as might be required and to construct any and all extensions of their sewer that might be necessary at its expense. The sewage was not discharged upon plaintiff's lands, but into the waters of the Hudson river, which belong to the State. Therefore, the cases cited by the plaintiff relating to the abatement of a nuisance are not applicable. Defendants contend that the original grant of the land under water to plaintiff's predecessor in title did not make him the owner of the water above it, but admit that the plaintiff " had the right to remove that water by filling in his land under water." Had the plaintiff filled in its land to and beyond the face of the dock, the right of the defendants to discharge their sewage at that point would no longer obtain. It would then be the duty of the defendants to continue their sewer to the waters of the Hudson river. The principle is not changed by the extension of the dock by the plaintiff, since the defendants have no absolute right to insist that the plaintiff maintain facilities for the discharge of their sewage into the Hudson river at the head of the dock or bulkhead as it was before it was extended. Judgment should be granted the plaintiff for the sum of $2,599.10, without costs. Carswell, J., concurs.